JOHN HAHN, by HENRY JERGEUS, his next friend, *v.* CHARLES VAN DOREN.

The code has not rendered a guardian or next friend, in whose name a suit is prose-cuted for an infant, a competent witness for the plaintiff. He is still excluded, being a party to the record.

Where evidence, erroneously admitted, tends directly to establish the plaintiff's case, although the issue might have been determined in the same way upon the other testimony, the error is not a "technical" one, but affects the merits, and cannot be disregarded in reviewing the judgment.

This court has no discretion, in reversing a judgment, to order a reversal without costs.

APPEAL from the marine court, where judgment was entered for the plaintiffs against the defendant. The facts appear sufficiently in the opinion.

BY THE COURT. WOODRUFF, J.—The plaintiff in this case called and examined as a witness in his own behalf Henry Jergeus, the next friend (or guardian) of the infant plaintiff, by whom he appeared to prosecute his suit. It is conceded by counsel, that according to the law as it existed before the enactment of our code of procedure, the witness was incom-petent, being a party to the record. We find nothing in the code which alters this rule. True it is, that mere interest does not disqualify, but this rule is expressly limited to persons not parties to the suit.

It is urged that this court are required to give judgment without regard to technical errors or defects not affecting the merits; that the plaintiff gave evidence quite sufficient to sustain the judgment, which was not contradicted, and which was free from objection, and therefore we may strike out the testimony of Jergeus, and still affirm the judgment.

But the testimony of the witness does *affect* the *merits*—it went directly to establish the plaintiff's claim—it proved the period of the service for which the action was brought, and

the value of those services. The error of the court below was, therefore, not a technical error merely.

To determine whether the error was technical or not, we are not to inquire how far the mind of the justice was or was not affected by it; or whether he would not have found the same facts upon the evidence of the other witnesses. If the evidence, erroneously admitted, tended directly to establish the merits of the plaintiff's case, the objection was not a technical one.

We feel reluctant to disturb the judgment. The proofs would, without the objectionable testimony, sustain a recovery. We find no other error in the proceedings; bnt we feel constrained, by our regard for the safe administration of justice, to give effect to the appellant's exception. On a further trial the rights of the parties will no doubt be protected.

The judgment must be reversed, and, as we have no discretion in such cases, it must be reversed with costs.

Judgment reversed with costs.